## THOMAS H. McNEILL

### v.

## WILLIAM DONOHUE, FOR USE OF AUSTIN H. HUNT.

*Garnishment—Exemption—Evidence of Right to—Judgment, How Proved.*

1. It is not necessary for a garnishee to appear in the Superior Court and personally insist upon an exemption to which it clearly appears that his creditor is entitled.

2. The oral testimony by plaintiff that he has a judgment against the garnishee's creditor is not competent evidence of such judgment.

[Opinion filed February 9, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. F. J. PARTRIDGE and W. H. SISSON, for appellant.

Messrs. FOSTER & JACKSON, for appellee.

WATERMAN, P. J. Appellant appeals from a judgment

rendered against him by the Superior Court, in a proceeding wherein he was sued as a garnishee. Upon the trial, it being on appeal from a judgment rendered by a justice of the peace, appellant admitted that he owed William Donohue $22.50 for wages. Donohue testified that he was the head of a family consisting of himself and three children, with whom he had lived in Chicago for some nine years. The plaintiff testified that he had a judgment against Donohue for more than $22.50. There was no dispute that Donohue was the head of a family and lived with the same, nor that the sum owing him was for wages ; such being the case, his wages to the extent of $50 were exempt from garnishment. Revised Statutes, Chap. 62, Sec. 14. It was not necessary that the garnishee should personally appear in the Superior Court and insist upon the exemption to which his creditor was entitled. It was sufficient that his counsel then set up such exemption and that the right was abundantly established.

The judgment, if any, of the plaintiff against Donohue, was not proved in any competent manner. The statement by the plaintiff that he had a judgment against Donohue implies that there is better evidence of its existence than mere testimony can be. The garnishee should have been dismissed.

The judgment of the court below against him will be reversed, and the cause remanded.

*Reversed and remanded.*